UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ORIGINAL**

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM | ) |
| TO DEPARTMENT OF DEFENSE | ) |
| | ) |
| | ) Misc. No. 08-554 (HHK) |

### MOTION TO QUASH SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the United States Department of Defense ("DoD" or "Agency") respectfully moves to quash the subpoena issued to it by the Public Defender Service for the District of Columbia in the case of <u>United States v. Doiberry</u>, Case No. 2008-CF2-18633, in the Superior Court for the District of Columbia. The information sought in the subpoena is in connection with a hearing in the D.C. Superior Court currently scheduled to be held on September 3, 2008. Although not required by Local Civil Rule 7(m), because granting this motion would be dispositive of the subpoena, undersigned counsel did contact counsel from the Public Defender Service who issued the subpoena and he indicated his opposition to this motion. A memorandum of points and authorities in support of this motion is attached. A proposed order is also attached.

Dated: August 29, 2008

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

**RECEIVED**
SEP - 2 2008
Clerk, U.S. District and
Bankruptcy Courts

/s/
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM | ) |
| TO DEPARTMENT OF DEFENSE | ) |
| | ) |
| | )Misc. No. |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA

Defense counsel representing Rodney Doiberry in the underlying criminal action has served on the United States Department of Defense ("DoD" or "Agency") a third-party subpoena in connection with a hearing currently scheduled to be held in the Superior Court of the District of Columbia on September 3, 2008. The subpoena seeks to compel the production of all documents in DoD's possession that relate to the employment records of the victim of the crime, Bernadette Mahoney, a former employee of DoD. However, the Court lacks jurisdiction to enforce the subpoena. Moreover, applicable statutory law, including the Privacy Act, 5 U.S.C. § 552a and the Victims of Crime Act, 18 U.S.C. § 3771, as well as DoD's implementing regulations, 32 C.F.R. Part 97, preclude the production of the witness and the information requested by the Subpoena, to the extent such information exists.[1]

---

[1] Pursuant to the Defense Department's Touhy regulations, the General Counsel of the Defense Department, after consultation with the appropriate Department of Justice litigation attorneys, may decline a request or demand for testimony if "the request or demand is unduly burdensome or otherwise inappropriate under the applicable court rules...." 32 C.F.R. § 97.6(b)(1).

**ARGUMENT**

A.  The Subpoena From the D.C. Superior Court Should Be Quashed Because There Is No Valid Waiver of Sovereign Immunity

Federal agencies such as DoD have sovereign immunity from state court subpoenas unless that immunity has been waived. See, e.g., Louisiana v. Sparks, 978 F.2d 226, 234-36 (5th Cir. 1992); Sharon Lease Oil Co. v. FERC, 691 F. Supp. 381, 383-84 (D.D.C. 1988). Sovereign immunity, however, can only be waived by Congress, which means that statutory consent to suit is necessary for a waiver. See, e.g., United States v. Shaw, 309 U.S. 495, 500-01 (1940); Minnesota v. United States, 305 U.S. 382, 388-89 (1939). Moreover, any statute waiving the sovereign immunity of the United States is subject to a rule of strict construction, and any doubts about the scope of the waiver are to be "resolved in favor of narrower governmental liability." Trout v. Sec'y of the Navy, 317 F.3d 286, 289-90 (D.C. Cir.), cert. denied, 540 U.S. 981 (2003).

The only statute that implicates a waiver of sovereign immunity with respect to Mr. Doiberry's criminal prosecution in the Superior Court is Section 23-101(c) of Pub. L. 91-358, *codified at* D.C. Code § 23-101(c), which provides that certain criminal prosecutions for local District of Columbia offenses "shall be conducted in the name of the United States by the United States attorney for the District of Columbia or his assistants." Because the United States Attorney's Office for the District of Columbia is, by virtue of Section 23-101(c), a party to such criminal prosecutions in the Superior Court, sovereign immunity considerations presumably would not apply to the activities of the United States Attorney's Office in those cases. Hence, to the extent they are engaged in criminal prosecutions in the Superior Court, the United States Attorney and his assistants are subject to the Superior Court's rules and procedures. Section 23-

101(c), however, makes no reference to DoD or to any other federal agency. Accordingly, under the rule of strict construction that is applicable to waivers of sovereign immunity, Section 23-101(c) cannot be read broadly to waive sovereign immunity so as to subject DoD to the subpoena power of the Superior Court.[2]

A state court's assertion of power to decide whether a subpoena should be enforced is, effectively, an assertion of the power of judicial review over a federal agency's decision concerning the production of evidence. That is, if the state court determines that the subpoena should be enforced, it is saying that the agency's decision not to comply with the subpoena was erroneous. Such an assertion of power "directly contravenes 5 U.S.C. § 702," and so violates the Supremacy Clause. Boron Oil v. Downie, 873 F.2d at 71; see U.S. Const. art. VI, cl. 2. Therefore, Supremacy Clause considerations provide DoD with a further federal defense against a subpoena issued by the Superior Court. Accordingly, the Court should quash the subpoena.

    B.    **Requests for DoD Documents, Including Third-Party Subpoenas, are Governed by DoD's "Touhy" Regulations and Doiberry Has Failed to Comply with Those Regulations.**

Courts have long recognized that the federal government's administrative agencies like DoD may promulgate regulations placing appropriate limits on demands for agency documents in civil litigation to which the agency is not a party. This was expressly recognized by the United States Supreme Court in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). DoD has promulgated such regulations, which are set forth at 32 C.F.R. Part 97.[3]

---

[2] The Superior Court is treated as a "state court" for purposes of cases, such as the instant one, which have been removed to federal district court. See 28 U.S.C. § 1445.

[3] The law is clear that when a Federal Agency has a validly enacted Touhy regulation, a court cannot enforce a subpoena against an employee of the federal governmental agency. See

As an initial matter, we note that DoD's regulations govern requests "for the release of official DoD information in litigation and for testimony by DoD personnel as witnesses during litigation." 32 C.F.R. Part 97. Those regulations further state that DoD information sought, through testimony or otherwise, by a litigation request or demand, must be made in writing and with as much specificity as possible and describe the nature and relevance of the official information sought. 32 C.F.R. § 97.6(c)(2). See also Touhy. DoD's Touhy regulations provide the proper mechanism for defense counsel in the underlying criminal case to seek records and/or testimony from DoD. Those regulations provide that:

> [...] In response to a litigation request or demand for official DoD information or the testimony of DoD personnel as witnesses, the General Counsels of DoD, Navy, and the Defense Agencies; the Judge Advocates General of the Military Departments; and the Chief Legal Advisors to the JCS and the Unified and Specified Commands, with regard to their respective Components, are authorized--after consulting and coordinating with the appropriate Department of Justice litigation attorneys, as required--to determine whether official information may be released in litigation; whether DoD personnel assigned to or affiliated with the Component may be interviewed, contacted, or used as witnesses concerning official DoD information or as expert witnesses; and what, if any, conditions will be imposed upon such release, interview, contact, or testimony. . .

32 C.F.R. § 97.6(a)(1)

> DoD personnel shall not, in response to a litigation request or demand, produce, disclose, release, comment upon, or testify concerning any official DoD information without the prior written approval of the appropriate DoD official designated in § 97.6(a).

32 C.F.R. § 97.6(c)(1)

> Factors to Consider. In deciding whether to authorize the release of official DoD information or the testimony of DoD personnel concerning official information

---

Houston Business Journal v. Office of Comptroller of the Currency, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996) 86 F.3d at 1212 (citing Touhy, 340 U.S. at 467-69 (1951)).

(hereafter referred to as "the disclosure") pursuant to paragraph (a), DoD officials should consider the following types of factors:

(1) Whether the request or demand is unduly burdensome or otherwise inappropriate under the applicable court rules;

(2) Whether the disclosure, including release in camera, is appropriate under the rules of procedure governing the case or matter in which the request or demand arose;

(3) Whether the disclosure would violate a statute, executive order, regulation, or directive;

(4) Whether the disclosure, including release in camera, is appropriate or necessary under the relevant substantive law concerning privilege;

(5) Whether the disclosure, except when in camera and necessary to assert a claim of privilege, would reveal information properly classified pursuant to DoD 5200.1-R, "Information Security Program Regulation," August 1982; unclassified technical data withheld from public release pursuant to DoD Directive 5230.25, "Withholding of Unclassified Technical Data from Public Disclosure," November 6, 1984; or other matters exempt from unrestricted disclosure; and,

(6) Whether disclosure would interfere with ongoing enforcement proceedings, compromise constitutional rights, reveal the identity of an intelligence source or confidential informant, disclose trade secrets or similarly confidential commercial or financial information, or otherwise be inappropriate under the circumstances.

32 C.F.R. § 97.6(b)(1)

In Touhy, a state prisoner in a federal habeas corpus proceeding issued a subpoena ordering an FBI agent to produce certain documents. The agent refused because a Department of Justice (DOJ) regulation forbade employees from disclosing DOJ documents, except as authorized by the Attorney General or his Assistant. The agent was subsequently found in contempt of court. The United States Court of Appeals for the Seventh Circuit reversed and the Supreme Court affirmed. Thus, Touhy recognized the right of federal agencies to promulgate

- 5 -

regulations governing their employees' responses to civil subpoenas in litigation to which a agency is not a party.

The Court has upheld <u>Touhy</u> regulations, for example, finding that a subpoenaed government official will not be compelled to produce documents in private litigation when a departmental regulation prohibits disclosure of the information. <u>See</u> <u>Alexander v. Federal Bureau of Investigation</u>, 186 F.R.D. 66, 70 (D.D.C. 1998). Criminal defense counsel for Mr. Doiberry may not use a Superior Court subpoena to avoid compliance with the DoD's <u>Touhy</u> regulations.

C. <u>The Privacy Act Prohibits the Disclosures Sought by the Subpoena</u>

The subpoena requests, *inter alia*, any and all employment records of Bernadette Mahoney, a former employee of DoD. This presumably includes medical, disciplinary and leave records that are maintained by various systems of records from which the information is retrievable by, among other identifiers, an individual's name. Accordingly, the information sought in the subpoena seeks information covered by the Privacy Act.[4] Absent consent or other applicable exception, information may not be disclosed without violating the Privacy Act. 5 U.S.C. § 552a(b). Accordingly, the Court should quash the subpoena. <u>See</u> Fed. R. Civ. P.

---

[4]This Court has ruled that it is settled beyond all doubt "that the sovereign immunity of the United States precludes a state court from enforcing a subpoena or a subpoena duces tecum issued by a state court and served on a non-party federal government agency. "<u>Longtin v. United States Department of Justice</u>, No. 06-1302, at *2 (D.D.C. Aug. 3, 2006),(citing Houston Business Journal, 86 F.3d at 1211), aff'd, Order in No. 06-5223 (D.C. Cir. Aug. 9, 2006). Furthermore, while the Privacy Act contains an exception that operates to exempt a federal government agency that makes a disclosure pursuant to a court order from a suit based on that disclosure, it does not also operate as a waiver of the United States sovereign immunity. <u>Id.</u>

45(c)(3)(A)(iii).

D. <u>Production Of The Information Defendant Seeks Also Appears to Violate Ms. Mahoney's Rights As a Victim of Crime.</u>

The Victims of Crime Act, 18 U.S.C. § 3771, ensures that a crime victim's rights will be upheld, including the right "to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The statute states that "the court shall ensure that the crime victim is afforded [these] rights." 18 U.S.C. § 3771(b)(1). In addition, § 3771(c) (1) provides that "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that victims of crime are notified of, and accorded, the rights described in subsection (a)."

The information sought by the subpoena unquestionably impinges upon Ms. Mahoney's dignity and invades her privacy. Disclosure of this information also would allow defendant, the accused offender, to unreasonably intrude upon Ms. Mahoney's life in a manner that would not adequately protect her as an alleged crime victim. Consequently, the Victims of Crime Act also weighs against ordering releasing the information requested in the subpoena.[5]

## CONCLUSION

For all these reasons, DoD respectfully requests that the Court quash the subpoena.

Dated: August 29, 2008

---

[5] In addition, the requested records do not appear to be relevant to the underlying criminal prosecution, which involves an incident that occurred after Ms. Mahoney left DoD's employment and that did not otherwise involve DoD.

Respectfully Submitted,

_____J.A. Taylor (by RCC)_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s/_____
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

## CERTIFICATE OF SERVICE

Because it appears that no attorney representing the party seeking information under the subpoena which is the subject of this action has yet entered an appearance in this case on the Court's Electronic Case Filing system, I hereby certify that service of the foregoing Motion to Quash and accompanying memorandum in support were made on August 29, 2008 by sending a copy by first class U.S. mail, postage prepaid, marked for delivery to the following:

Gustavo Gutteriez
Public Defender Service for the District of Columbia
633 Indiana Avenue, N.W.
Washington D.C.  20004

/s/ _____
BENTON PETERSON
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Civil Division
Washington, D.C.  20530
(202) 514-7238